UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| UNITED STATES | CRIM. NO. 10-0230 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JECARLOS CARTER, ET AL | MAGISTRATE JUDGE HORNSBY |

---

### MEMORANDUM ORDER

Before this Court is a Motion to Unseal Court-Ordered Interim Progress Reports Provided to the Court by the Government (Record Document 200) filed by the Defendant, Ramon Daniels ("Daniels"). The motion is opposed. [Record Document 201].

According to Daniels,

> Discovery in this case includes copies of applications for four Title III wire taps filed respectively by the Unites States Attorney's office on April 5, 2010, April 30, 2010, May 21, 2010, and June 25, 2010.
> This Honorable Court granted all four of the government's requests cited above to intercept wire communications of various individuals including defendant Ramon Daniels from April 6, 2010 through July 22, 2010.
> Each of the four court Orders mentioned above was lengthy and included great detail in order to comply with the procedures set forth in U.S.C. 18§ 2518 et seq.
> Each of the four signed orders authorizing the interception of wire communications in this case, included the provision that an Assistant United States Attorney familiar with the case ". . . shall provide this court with a report on or about the 15th, and 30th days following the date of this Order showing what progress has been made toward achievement of the authorized objectives and the need for continued interception . . . ." A second requirement provided " . . . all interim reports filed with this Court with regard to this matter, shall be sealed until further order of this Court . . . ."
> This matter has been set for trial several times and there is no longer any need for any of the above-mentioned

> documents to remain "sealed." Moreover, defendant Ramon Daniels believes these interim reports may contain "Brady" evidence to which he is immediately entitled.

[Record Document 200 at 1-2]. The Government opposes unsealing the interim reports and turning them over to the defense. [Record Document 200 at 3]. Further, the Government argues "[t]he defendant articulates no specific reasons for disclosure of these reports, only a vague assertion that they might possibly contain Brady material. [Record Document 201 at 2].

The Court agrees with the Government. From its research, the Court can find no cases on point in the Fifth Circuit. However, the weight of jurisprudence outside of the Fifth Circuit favors non-disclosure of the progress reports. In United States v. Abdul-Ahad, that court found that "[c]ourts generally deny requests to discover monitoring agent's rough notes, written summaries and interim progress reports." 2009 WL 35473, *2 (D.Minn.2009). The Court finds instructive United States v. Orozco in which that court opined:

> disclosure of progress reports is not necessary in order to determine whether the government complied with the statutory requirements of 18 U.S.C. § 2510, et seq. Progress reports are, for the most part, a summary of information already provided to defendants, i.e. the tapes, summaries and logs. Those items already provided to defendants are the original and best sources of information regarding statutory compliance. The applications for orders authorizing interception are the best sources of information to bolster an argument that the government lacked initial cause to seek such orders. The court does not see how progress reports issued after wiretaps have been initiated could reveal improprieties in original applications which must ultimately be reviewed in a motion to suppress based on the knowledge of the government agents as of the date the application was sought. Similarly, it is unlikely that progress reports would uncover material falsity contained in the initial application which would not be evidenced by the application itself or by agents' testimony.

108 F.R.D. 313, 316 (D.C.Cal.1985).  The Court agrees.

Regarding, Defendant's Brady claim, the Court is sensitive to Defendant's claim and is fully cognizant of this Circuit's favored use of *in camera* review of documents not intended for public dissemination.  See United States v. Buckley, 586 F.2d 498, 506 (5th Cir.1978), cert. denied, 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1978).  However, Defendant has not presented this Court with any factual basis to suggest the existence of possible Brady material warranting an *in camera* review of the interim reports.  Indeed, the Court has already reviewed each of the interim reports during the course of the wiretaps authorized by this Court.  The purpose of these reports is for the Court's use, not a defendant's.  The recorded wiretaps themselves are already available in their entirety to the Defendants.

For the foregoing reasons,

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion to Unseal Court-Ordered Interim Progress Reports Provided to the Court by the Government (Record Document 200) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 24th day of June, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE