UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00230-03 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RAMON TERRELL DANIELS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Limit Drug Courier Profiling by Government's Expert Witnesses filed by Defendant Ramon Terrell Daniels ("Daniels"). See Record Document 215. Daniels "requests a clear directive from the Court that will prohibit any law enforcement 'expert' from providing 'mental-state' testimony, labeling the defendants based on their roles in the drug organization, or testifying on his 'theory' and 'interpretation' of surveillance videos." Id. at ¶ 3. Daniels argues that such testimony is inadmissible pursuant to U.S. v. Morin, 627 F.3d 985 (5th Cir. 2010).[1] See id.

---

[1] The Morin court explained:

> In the context of drug-related criminal trials, we have allowed law enforcement expert witnesses to give background testimony about the significance of certain conduct or methods of operation unique to the drug business so long as the testimony is helpful and its relevance is not substantially outweighed by the possibility of unfair prejudice or confusion. On the other hand, however, drug courier profiling testimony is generally not admissible as substantive evidence of guilt because of its potential for including innocent citizens as profiled drug couriers.
>
> A drug courier profile is a compilation of characteristics that aid law enforcement officials in identifying persons who might be trafficking in illegal narcotics. Such testimony is usually sought to be admitted to show that because a defendant matches the profile, he must have had knowledge of the drugs he was transporting. This kind of testimony is prohibited if it crosses the borderline between a mere explanation of the expert's analysis of the facts to a forbidden opinion on the ultimate legal issue in the case. A witness crosses this line by offering a direct opinion as to the defendant's mental state or by giving the functional equivalent of such a statement. In

In response to the defense motion, the Government submits that it "is aware of the Fifth Circuit case-law regarding drug courier profiling," namely the Morin case, "as well as the consequences of impermissible testimony." Record Document 222 at 1. The Government further notes that it "does not intend to illicit impermissible testimony"; therefore, Daniels' request for a "clear directive" from the Court is unnecessary. See id. It is the Government's position that the defense motion should be denied, subject to the defendant's right to object at trial to any impermissible line of questioning relating to drug courier profiling testimony. See id. at 2. This Court agrees.

Accordingly,

**IT IS ORDERED** that the Motion to Limit Drug Courier Profiling by Government's Expert Witnesses filed by Defendant Ramon Terrell Daniels (Record Document 215) be and is hereby **DENIED AS MOOT**. However, Daniels is free to object at trial to any impermissible line of questioning relating to drug courier profiling testimony.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 12th day of July, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

particular, such testimony is not admissible if it amounts to the functional equivalent of an opinion that the defendant knew he was carrying drugs. Thus, there is a fine but critical line between expert testimony concerning methods of operation unique to the drug business, and testimony comparing a defendant's conduct to the generic profile of a drug courier.

Morin, 627 F.3d at 995 (internal citations and quotations omitted).