UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00230-03 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RAMON TERRELL DANIELS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Sever filed by Defendant Ramon Terrell Daniels ("Daniels"). See Record Document 217. Daniels seeks a severance, arguing that he "runs the risk of being convicted of being a member of the conspiracy in this case merely because of his association with those building a music studio but who were also involved in illegal drug activity." Id. at ¶ 14. According to Daniels, such a conviction "would be a miscarriage of justice." Id. at ¶ 15. Finally, relying upon United States v. Delgado, 631 F.3d 685 (5th Cir. 2011), Daniels "contends the cumulative effect of the many borderline evidentiary rulings to which he has filed objections and lost could likely yield a denial of his constitutional right to a fair trial if he is tried with the other co-defendants." Id. at ¶ 16.

In response to the defense motion, the Government argues that Daniels has not demonstrated a serious risk of a violation of a specific trial right, specifically arguing that Daniels' reliance on Delgado is misplaced. See Record Document 221. The Government also maintains that joinder was proper in this case and that a separate trial of Daniels would not be in the best interest of judicial economy. See id.

Federal Rule of Criminal Procedure 8(b) provides that when multiple defendants are alleged to have participated in the same act or transaction, they may be charged together in the same indictment. The propriety of joinder will often be assessed by looking to the

allegations contained in the indictment. See United States v. Chagra, 754 F.2d 1186, 1188 (5th Cir.1985). Moreover, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," particularly when a conspiracy charge is involved. Zafiro v. United States, 506 U.S. 534, 537, 113 S.Ct. 933, 937 (1993); United States v. Neal, 27 F.3d 1035, 1045 (5th Cir.1994). Joinder of defendants charged with conspiracy may be proper even when some of the conspirators participated only in some aspects of the scheme. See United States v. Lindell, 881 F.2d 1313, 1318 (5th Cir.1989).

Federal Rule of Criminal Procedure 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

F.R.C.P. 14(a). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539, 113 S.Ct. at 938.

The Indictment in this matter alleges that "the defendants . . . did knowingly and intentionally conspire and agree together to distribute and to possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, also known as powder cocaine, a Schedule II controlled substance." Record Document 126. Daniels' charges and the charges against his co-defendants all allege participation in this conspiracy; therefore, it is appropriate to try the defendants together. Furthermore, the possibility that evidence against a co-defendant

may "spill over" onto the defendant is insufficient to demonstrate compelling prejudice, particularly when the court gives limiting instructions.  See United States v. Henthron, 815 F.2d 304, 308 (5th Cir.1987).  Joinder under Rule 8(b) was proper in this matter.

Further, based on the showing made in his motion, Daniels has failed demonstrate a serious risk that a joint trial would either compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence.  Daniels' reference to Delgado is unpersuasive, as severance was not an issue raised or discussed in that case. The Delgado court addressed the "cumulative error doctrine," as compared to "the cumulative effect" referred to by Daniels.  The court explained:

> A fair trial in a fair tribunal is a basic requirement of due process.  The cumulative error doctrine . . . provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal.
>
> Individual errors, insufficient in themselves to necessitate a new trial, may in the aggregate have a more debilitating effect. In other words, a column of error may sometimes have a logarithmic effect, producing a total impact greater than the arithmetic sum of its constituent parts.
>
> Of necessity, claims under the cumulative error doctrine are *sui generis*.  A reviewing tribunal must consider each claim against the background of the case as a whole, paying particular weight to factors such as the nature and number of the errors committed; their interrelationship, if any, and combined effect; how the district court dealt with the errors as they arose (including the efficacy—or lack of efficacy—of any remedial efforts); and the strength of the government's case. The run of the trial may also be important; a handful of miscues, in combination, may often pack a greater punch in a short trial than in a much longer trial.
>
> The ultimate question is whether cumulative errors so fatally infected the trial that they violated the trial's fundamental fairness.  In making this determination, we review the record as a whole to determine whether the errors more likely than not caused a suspect verdict.

Delgado, 631 F.3d at 698-699 (internal citations and quotations omitted).  The doctrine

clearly envisions trial errors; thus, reliance on Delgado in this matter at this stage is premature because there has yet to be a trial to "fatally infect." Daniels' motion for severance under Rule 14 must fail.

Accordingly,

**IT IS ORDERED** that the Motion to Sever filed by Defendant Ramon Terrell Daniels (Record Document 217) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 18th day of July, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE