**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00230-03 |
| | CIVIL ACTION NO. 15-01412 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RAMON TERRELL DANIELS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is the United States of America's ("the Government") Motion for Order Finding Waiver of Attorney-Client Privilege (Record Document 538). The Court ordered Petitioner Ramon Daniels ("Daniels") to respond to such motion within 60 days of July 8, 2015 (Record Document 543). On August 10, 2015, Daniels filed a "Motion Requesting Limited Waiver of Attorney Client Privilege Commication[sic]" (Record Document 544). The filing was entitled "motion" and the Clerk of Court captured the filing as a motion. Daniels requested only a limited waiver of the attorney client privilege for communications relating to his attorney's failure to file a notice of appeal.

After reviewing the aforementioned filings, the Court construed Daniels' filing of August 10, 2015 his response, as ordered by this Court in Record Document 543, to the Government's motion. The Government filed a reply to Daniels response on April 28, 2016 (Record Document 555). The Government argues that in order to respond to Daniels' motion to vacate, set aside or correct sentence under 28 U.S.C § 2255, the Government needs to know the nature of the discussions between Daniels' counsel, Patricia Gilley ("Gilley"), and Daniels about pursuing an appeal. Accordingly,

**IT IS ORDERED** that the Government's motion is **GRANTED** (Record Document 538). "A lawyer may reveal otherwise privileged communications from his clients in order

to . . . defend himself against charges of improper conduct, without violating the ethical rules of confidentiality or the attorney-client privilege." United States v. Ballard, 779 F.2d 287, 292 (5th Cir. 1986). The confidential communications between an attorney and his client are "the one source of evidence likely to contradict" allegations of ineffective assistance of counsel. Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967). Therefore, a section 2255 petitioner, like Daniels, may not "silence the only other source of evidence to rebut his claim." Hume v. Stephens, 2014 WL 988538, *11 (N.D. Tex. Mar. 13, 2014). However, the Government is limited to discovering the nature of the discussions between Daniels and Gilley about pursuing an appeal.

**IT IS FURTHER ORDERED** that the Government is **GRANTED** thirty (30) days from the date the requested documents are received, to respond to Daniels' 28 U.S.C. § 2255 motion.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 27th day of April, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT