**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00230-03-04[1] |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| RAMON TERRELL DANIELS AND TENISHA DESHA CARTER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 532) (Record Document 534) filed by Defendants, Ramon Terrell Daniels ("Daniels") and Tenisha Desha Carter ("Carter") (collectively "Defendants"). Defendants seek to have their direct appeal rights reinstated due to their counsel, Patricia A. Gilley[2] ("Gilley") and Warren Thornell's[3] ("Thornell") (collectively "Counsel") alleged ineffectiveness. Specifically, Defendants contend that their 6th Amendment rights to effective assistance of counsel were violated because Counsel failed to file a notice of appeal after Defendants *requested* Counsel to do so. (Emphasis added.) For the reasons that follow, the Defendants' Section 2255 Motions are **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court is directed to reinstate Defendants' criminal judgments to allow them to pursue an out-of-time appeal. Furthermore, Magistrate Judge Hornsby is ordered to appoint an attorney to represent

---

[1] The Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Carter and Daniels are consolidated in the present Memorandum Ruling because the Motions present the same claims and are based on the same underlying facts.
[2] Gilley was appointed to represent Daniels.
[3] Thornell was appointed to represent Carter. However, Thornell is now deceased.

Defendants in their direct appeal pursuant to the Criminal Justice Act, 18 U.S.C. § 3006(A).

I.   **BACKGROUND**

Defendants and four Co-defendants, Gransihi Mims, Antonio Furlow, JeCarlos Carter, and Auburn Thomas were found guilty of a variety of counts of a superseding indictment. Specifically, Daniels was charged with and found guilty of one count of conspiracy to distribute powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846 ("Count 1") and one count of unlawful use of a communication facility in violation of 21 U.S.C. §§ 843(b) and 851 ("Count 8"). See Record Document 323. Carter was charged with and found guilty of one count of conspiracy to distribute powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846 ("Count 1") and two counts of unlawful use of a communication facility in violation of 21 U.S.C. §§ 843(b) ("Counts 5 and 9"). See Record Document 306.

On April 4, 2012, this Court sentenced Carter to 240 months imprisonment as to Count 1 and 60 months as to Counts 5 and 9. See Record Document 304. Thereafter, on April 16, 2012, Carter filed a notice of appeal, which was handled by Thornell. See Record Document 332. On April 12, 2012, this Court sentenced Daniels to 240 months imprisonment as to Count 1 and 8. See Record Document 323. Thereafter, on April 15, 2012, Daniels filed a notice of appeal, which was handled by Gilley. See Record Document 329.

On July 17, 2013, the United States Court of Appeal for the Fifth Circuit affirmed in part and vacated in part the conviction of Defendants and their Co-defendants. See

United States v. Daniels, 723 F.3d 562, 564 (5th Cir. 2013), on reh'g in part, 729 F.3d 496 (5th Cir. 2013). The case was remanded to this Court for further proceedings in accordance with the opinion. The Fifth Circuit affirmed the convictions on all counts but vacated Defendants and their Co-defendants' sentences as to Count 1 because the evidence was "insufficient to support the five kilogram quantity of cocaine alleged in Count 1." Id. at 572.

As a result of the Fifth Circuit remanding the case, revised presentence investigation reports were prepared for Defendants. On April 30, 2014, this Court resentenced Carter to 120 months as to Count 1 and 96 months as to Counts 5 and 9 to run concurrently. See Record Document 477. That same day, this Court resentenced Daniels to 135 months as to Count 1 and 96 months as to Count 8 to run concurrently. See Record Document 469. The Court also notified Defendants of their right to appeal.[4] Defendants' Co-defendants have appealed their resentencing judgments and the Fifth Circuit has affirmed this Court's decisions.

On April 24, 2015, Daniels filed the present *pro se* Section 2255 Motion to Vacate, Set Aside or Correct Sentence (Record Document 532). On April 27, 2015, Carter filed her *pro se* Section 2255 Motion to Vacate, Set Aside or Correct Sentence (Record Document 534) along with her attached affidavit. Accordingly, Defendants' Motions are

---

[4] In an effort to prevent similar Section 2255 Motions alleging violations of the 6th Amendment due to counsel's failure to file a timely notice of appeal, the Court has implemented a policy that requires counsel to either file a notice of appeal or file a document in the record indicating defendants have waived their rights to appeal. For example, the Federal Public Defenders Office in the Western District of Louisiana now has a form whereby defendants state whether they wish to appeal, wish to appeal sentence only, or wish to appeal their conviction and sentence. This was done in order to advance judicial efficiency and conserve resources.

both timely. See 28 U.S.C. § 2255(f)(1) (A one year limitation period shall apply to a motion under this section and run from the latest of the date on which the judgment of conviction becomes final.).

## II. LAW AND ANALYSIS

Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a).

### A. 6th Amendment Ineffective Assistance of Counsel Claims.

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In Strickland, the Supreme Court formulated a two-part test, 466 U.S. at 688-692, 104 S. Ct. at 2064-2067, that is now utilized by all courts to analyze claims of ineffective assistance of counsel based on counsel's failure to file a notice of appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 1034 (2000).

First, "[a] defendant claiming ineffective assistance of counsel must show that counsel's representation 'fell below an objective standard of reasonableness.'" Id. at 476, 120 S. Ct. 1034 (quoting Strickland, 466 U.S. at 688-692, 104 S. Ct. at 2064-2067). The Court has long held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe, 528 U.S. at 477, 120 S. Ct. at 1035 (citations omitted). The Court's logic behind this holding is based on a defendant reasonably relying on counsel doing what the defendant has

instructed him to do. See id. at 477, 120 S. Ct. at 1035. Therefore, based off the Supreme Court's decision in Roe, the Fifth Circuit has opined that the failure of counsel to file a *requested* notice of appeal is *per se* ineffective assistance of counsel, with or without showing the appeal would have merit. United States v. Tapp, 491 F.3d 263, 265 (5th Cir. 2007)[5]; see also Roe, 528 U.S. at 477, 120 S. Ct. at 1035 (emphasis added). Accordingly, if a defendant is able to establish by a preponderance of the evidence that he *requested* his attorney to file a notice of appeal, prejudice is presumed and he is entitled to file an out-of-time appeal. See Tapp, 491 F.3d at 266 (emphasis added). The second prong of the Strickland test requires a defendant show that counsel's deficient performance prejudiced him. See Roe, 528 U.S. at 481, 120 S. Ct. at 1037. To demonstrate prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have appealed." Id. at 484, 120 S. Ct. at 1038.

In summarizing the two prongs, the Court held "that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id., 120 S. Ct. at 1039. Accordingly, when a defendant has met his burden of proving by a preponderance of the evidence that he would have appealed his sentence but for the ineffectiveness of counsel, the appropriate remedy is

---

[5] The Fifth Circuit extended the rule set forth in Flores–Ortega to apply even where a defendant has waived his right to appeal or seek collateral relief. Defendants have not waived their rights to appeal or seek collateral relief. Nonetheless, the Fifth Circuit's opinion in Tapp is still highly relevant to the present Motions.

for district courts to grant an out-of-time appeal. See United States v. Cong Van Pham, 722 F.3d 320, 327 (5th Cir. 2013).

In the present case, Defendants contend that they *requested* their Counsel to file a notice of appeal and Counsel failed to do so. (Emphasis added.) Therefore, if the Court finds that Defendants have provided sufficient evidence to support this contention, Counsels' assistance would be rendered *per se* ineffective and Defendants would be entitled to file an out-of-time appeal. If the Court finds the record supports such a contention, but it is disputed, then the Court must conduct an evidentiary hearing. The Court will now address the evidence provided by Defendants and whether an evidentiary hearing is warranted.

**B.    Defendants' Right to an Evidentiary Hearing.**

To determine whether a defendant's Section 2255 Motion warrants an evidentiary hearing, the Fifth Circuit has elucidated a two-part inquiry. See Friedman v. United States, 588 F.2d 1010, 1015 (5th Cir. 1979). The first question is whether "the record . . . conclusively negates the factual predicates asserted in support of the motion for post-conviction relief." Id. at 1015. If the record does not conclusively negate the factual predicates asserted by a defendant, the Court must next determine whether a defendant would be "entitled to post-conviction relief as a legal matter if those factual allegations which are not conclusively refuted by the record . . . are in fact true" Id. If a defendant would be entitled to relief, then courts must conduct a hearing to ascertain the validity of the defendant's factual assertions. Id. at 1017.

Carter submits, under penalty of perjury, that immediately after the sentencing phase and while still in the courtroom, she asked Thornell whether or not he was going

to appeal her sentence by filing a notice of appeal in which he stated, "Yes." Record Document 534-2 at ¶ 1. Carter further attests that she desired to appeal her sentence following resentencing "and communicated such to . . . Thornell." Id. at ¶ 7. Furthermore, Carter attests that she had family members contact Thornell. See id. at ¶ 3. In fact, Carter attests that a woman by the name of Mary Carter stated to her that she was informed by Thornell's secretary, Debra, that Thornell would not be filing a notice of appeal on her behalf because his was withdrawing as counsel. See id. ¶ 4. In summary, Carter contends that Thornell not only disregarded her instructions to file a timely notice of appeal, but failed to consult her regarding the appeal.

With respect to the first prong of the inquiry, the Court finds that the record does not conclusively negate Carter's sworn contention that Thornell disregarded her *request* to appeal her sentence. (Emphasis added.) In fact, there is nothing in the record that even raises a dispute as to whether Carter instructed her counsel to file a notice of appeal. Nonetheless, even if the Government submitted an affidavit from Thornell in which he swore that Carter, in fact, did not instruct him to file a notice of appeal, the Fifth Circuit has held that "contested fact issues in Section 2255 cases cannot be resolved on the basis of affidavits." See Friedman, 588 F.2d at 1017. Therefore, it would be improper to deny Carter's Motion without holding an evidentiary hearing. See 28 U.S.C. § 2255(b) (Unless the motion, files, and records conclusively show that Defendant is entitled to no relief, the court shall cause notice to be served upon the Government, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.).

Daniels failed to file a similar affidavit. However, Daniels, in his Memorandum in Support of his Section 2255 Motion, contends that following the resentencing on April 30, 2014, he had a conversation with Gilley about appealing and even *requested* Gilley to appeal his sentencing and enhancement. See Record Document 532-1 at p. 5 (emphasis added). Therefore, Daniels alleges that he was under the impression that a notice of appeal was going to be filed. See id. at p. 6. Daniels further alleges that he used family members in an attempt to contact Gilley to see whether a notice of appeal had been filed. See id. Specifically, Daniels alleges his mother, Emma Daniels, was informed that Gilley was out of town and would return her call when she returned. See id. Daniels' alleges his mother was finally able to get in contact with Gilley once the 14 day time period had lapsed. See id. Daniels alleges that Gilley informed Daniels' mother that she was no longer representing Daniels because she had not been paid for representing him from July 2010 up until now, 2014, and the Court had not *requested* her to continue to represent Daniels on appeal. See id. (emphasis added). Daniels contends that Gilley never contacted him to inform him that she was not planning on filing a notice of appeal nor did Gilley file an Anders brief with the Court to be removed from the case. See id.

The Government rebuts Daniels Memorandum with a sworn affidavit from Gilley. After the Government obtained a waiver of attorney-client privilege, Gilley perfected an affidavit that is attached to the Government's Response to Daniels' Section 2255 Motion. The Government contends that this affidavit establishes that she discussed an appeal with Daniels and that he never instructed her to pursue an appeal. Gilley's affidavit highlights the efforts taken by her to vigorously defend Daniels. Gilley attests that she informed Daniels that she "could not find anything to appeal that would not have been

frivolous" and that she advised him that we had "done the best we could, and had actually been quite successful." See Record Document 586-1 at p. 3. Gilley attests that Daniels nodded his head in agreement and when they parted, it was Gilley's understanding that Daniels agreed. See id.

The Court's analysis of whether Carter is entitled to an evidentiary hearing is similar to Daniels. The differences between Carter and Daniels' Section 2255 Motions are minor. Unlike Carter, Daniels did not attach a sworn affidavit to his Section 2255 Motion. Further, unlike Thornell, Gilley is still alive and able to perfect the aforementioned affidavit. Nonetheless, the Court declines to fault Daniels for failing to attach an affidavit to his Section 2255 Motion attesting under penalty of perjury that he *requested* Gilley to file a notice of appeal. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers) (emphasis added). Moreover, even if Daniels attached an affidavit that disputed Gilley's affidavit, the Fifth Circuit has held that "contested fact issues in Section 2255 cases cannot be resolved on the basis of affidavits." See Friedman, 588 F.2d at 1017. Therefore, the Court holds that the record does not conclusively negate the factual predicates asserted in Daniel's Section 2255 Motion and if the factual allegations asserted by Daniels in his Section 2255 Motion are in fact true, Daniels would be entitled to post-conviction relief. See id. at 1015.

Therefore, the Court finds that Defendants are both entitled to an evidentiary hearing based on the evidence offered and allegations in their Section 2255 Motions.

Nonetheless, the Court finds that granting Defendants the relief they seek[6] provides a more efficient resolution than conducting an evidentiary hearing. The only evidence in the record as it relates to Carter shows that Carter *requested* that Thornell file a notice of appeal and that notice of appeal was never filed. (Emphasis added.) However, Thornell is deceased, and thus he is unable to defend himself in an evidentiary hearing against Carter's allegations. On the other hand, Gilley is able to appear at an evidentiary hearing to rebut Daniels' allegations. Nonetheless, the Court finds that holding an evidentiary hearing will burden this Court's already scarce judicial resources[7] and will not promote judicial efficiency. Accordingly, the Court hereby **GRANTS** Defendants' request for an out-of-time appeal.

### III. OUT-OF-TIME APPEAL PROCEDURE

A court's decision to grant an out-of-time direct criminal appeal must follow particular procedures. See United States v. West, 240 F.3d 456, 458–62 (5th Cir. 2001). When an out-of-time direct criminal appeal is granted pursuant to a Section 2255 order the underlying criminal judgment must be reinstated on the criminal docket. See id. at 459. Once the criminal judgment is reinstated on the criminal docket, the defendant's time frame for filing an otherwise out-of-time notice of appeal begins again. See id. at 459. In a criminal case, a defendant's notice of appeal must be filed in the district court within 14

---

[6] Defendants request the Court to **DISMISS** their Section 2255 Motions **WITHOUT PREJUDICE**, reenter their judgments of conviction so as to afford them a new opportunity to perfect an appeal under Fed. R. App. P. 4(b)(1)(A), and appoint an attorney to represent Defendants in their direct appeal pursuant to the Criminal Justice Act, 18 U.S.C. § 3006(A).

[7] The Western District of Louisiana encompasses forty-two of Louisiana's sixty-four parishes and holds court in five cities where at least one U.S. District Judge is assigned. Of the Western District of Louisiana's seven authorized judgeships, there are only three active district judges and one full-time senior status judge.

days after" the entry of the judgment on the criminal docket. Fed. R. App. P. 4(b)(1)(A). The procedure for granting an out-of-time direct criminal appeal also requires a defendant's Section 2255 motion to be dismissed without prejudice. See West, 240 F.3d at 460.

## IV. CONCLUSION

Defendants' Section 2255 Motions (Record Document 532) (Record Document 534) are hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is instructed to reenter the original judgment of conviction so as to afford Carter a new opportunity to perfect an appeal under Fed. R. App. 4(b).

**IT IS FURTHER ORDERED** that Magistrate Judge Hornsby appoint an attorney to represent Defendants in their direct appeal pursuant to the Criminal Justice Act, 18 U.S.C. § 3006(A).

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 10th day of August, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT